

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. R. Thompson
County Auditor
Taylor County
Abilene, Texas

Dear Sir:

Opinion No. O-1407
Re: May an independent school dis-
trict which lies in two ad-
joining counties have its
taxes collected in both of the
counties by the Tax Collector
of one of the counties.

We are in receipt of your letter of September 8, 1939, in which you request an opinion of this Department as to whether or not the Assessor-Collector of Taylor County can collect all the taxes for the Trent Independent School District, even though part of the property of said independent school district is located in Jones County.

As you state in your letter, the Trent Independent School District is an independent school district in Taylor County, Texas, and with it was consolidated the Goodman Common School District which was located in Jones County. Statutory authority for such a consolidation is found in Article 2808 of the Revised Civil Statutes, which reads in part as follows:

"Common school districts may in like manner be consolidated with contiguous independent school districts, and the district so created shall be known by the name of the independent school district included therein, and the management of the new district shall be under the existing board of trustees of the independent school district, and all the rights and privileges granted to independent districts by the laws of this State shall be given to the consolidated independent district created under the provisions of this law; . . ."

It is to be noted that under the above cited Article the new district now has all of the rights and privileges granted to other independent districts under the law. One of such rights

is set out by Article 2791, Revised Civil Statutes, which authorizes such an independant district to employ a district tax assessor and collector. Another of such rights is given to an independent school district under Article 2792, which provides in part as follows:

"When a majority of the board of trustees of an independent district prefer to have the taxes of their district assessed and collected by the county assessor and collector, or collected only by the county tax collector, same shall be assessed and collected by said county officers and turned over to the treasurer of the independent school district for which such taxes have been collected. . ."

We are unable to find any statute which would directly answer your question. By way of analogy, however, we note Article 2744, Revised Civil Statutes, which applies to the consolidation of two county line common school districts. In such a case, the Commissioners' Court of each county levies the tax for the district in that particular county, and the tax collector for each county assesses and collects the tax belonging to the district in his respective county.

There can be no question but that an independent school district which has property in two different counties could employ one collector to collect its taxes in both of said counties. The problem arises as to whether or not the tax collector of one county would be authorized to collect taxes for the school district on property lying in another county.

The Texas Commission of Appeals has twice held that the county tax collector-assessor cannot be independently employed to collect or assess taxes for a school district. Odem vs. Sinton Independent School District, 243 S. W. 1090; Pruit, et al vs. Glen Rose Independent School District No. 1, 84 S. W. (2d) 1004.

On the other hand, however, it has been held that an independent school district may elect under Article 2792 to have its taxes collected by the county tax assessor and collector, and thereby not violate the constitutional provision against the holding of two offices of emolument. Kugle, et al vs. Glen Rose Independent School District No. 1, 50 S. W. (2d) 375; First Baptist Church vs. City of Fort Worth, 26 S. W. (2d) 196.

It is made clear by these cases, however, that such a collection by the county tax assessor-collector for both the county and

Hon. L. R. Thompson, Page 3

the independent school district is permissible only when it can be made an additional duty for the county collector to also collect the taxes of the independent school district and only where it can be said that he would not thereby be holding two offices but that he would be holding but one office with more than one duty. The language from the case of Kugle, et al vs. Glen Rose Independent School District No. 1, supra, is important in this respect:

"It is doubtless permissible for the Legislature to assign to the county tax collector the duty of collecting the taxes of independent school districts, as is done under the provisions of Revised Statutes, article 2792, for the collector in discharging such duties is not holding two offices, but is merely performing extra duties assigned to the one office."

It is the opinion of this Department that it cannot be made part of the duties of the tax collector of Taylor County to collect taxes on property located in Jones County. Article 2792 provides that when a majority of the board of trustees of an independent school district prefer to have the taxes of the district collected by the county tax collector the same shall be collected by said officer. Still as to the property in Jones County, the same would not be collected by the county tax collector, for this county tax collector would not be the one who would be collecting the taxes, but the tax collector of another county would. As to the taxpayers of Jones County, the tax collector of Taylor County is merely an independent collector and not a county official. His holding this position plus the position of collector for Taylor County would violate the Constitution of Texas as being one person holding two offices of emolument.

Article 7254, Revised Civil Statutes, reads as follows:

"The tax collector shall be the receiver and collector of all taxes assessed upon the tax list in his county, whether assessed for the State or county, school, poor house or other purposes; and he shall proceed to collect the same according to law, and place the same when collected to the proper fund, and pay the same over to the proper authorities, as hereinafter provided."

Of course, the independent school district can employ an independent district tax collector. However, if under Article 2792 it chooses to use the county tax collector, then the tax collector that must be chosen under Article 7254 is the tax collector of the county.

It is the opinion of this Department, therefore, that it cannot be said that the additional duty may be placed on the Taylor County tax collector to collect taxes in Jones County. Therefore, if the tax collector of Taylor County is employed by the independent school district to collect taxes in Jones County he would be holding two offices of emolument in contravention of the Constitution of Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Billy Goldberg
Assistant

BG:N

APPROVED SEP 23, 1939

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY